Diane JOHNSON, Plaintiff–Appellant,

v.

Larry G. MASSANARI,* Acting Commissioner of the Social Security Administration, Defendant–Appellee.

No. 00–35470.

D.C. No. CV–99–716–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001 **.

Decided Oct. 4, 2001.

---

* Larry G. Massanari is substituted for his predecessor as Acting Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

720

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM ***

Plaintiff Diane Johnson applied for but was denied supplemental security income and disability insurance benefits. The district court affirmed, as do we.

A. *Rejection of Subjective Complaints of Pain*

In finding Plaintiff not to be credible, the ALJ gave "clear and convincing" reasons for discounting her testimony. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999). He noted that Plaintiff's self-reported daily activities are inconsistent with her alleged symptoms, that Plaintiff's statements about her symptoms have been inconsistent, and that Plaintiff has not complied

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

with treatment recommendations that would provide some relief from her allegedly disabling pain. Each of those factors is relevant to a claimant's credibility and is supported by the record. Therefore we hold that the ALJ did not err in rejecting Plaintiff's subjective complaints of pain.

**B.  *Weight Given to Medical Opinions***

■ The ALJ provided clear and convincing reasons for discounting Dr. Wyles' contradicted medical opinion. For example, he found that Dr. Wyles initially misstated the date of disability onset, that he made inconsistent statements in various disability reports, and that his physical and cognitive disability assessments were inconsistent with clinical findings and the weight of the evidence as a whole.

The ALJ also properly considered Dr. Burns' medical opinion. Although Plaintiff claims that the ALJ "ignored" his report, in fact the ALJ *relied* on Dr. Burns' findings in coming to his conclusion that Plaintiff's mental impairments are not as serious as she claims.

■ Finally, the ALJ did not err in his consideration of Dr. Romeo's medical opinion. Dr. Romeo himself made no finding of disability before the date of the ALJ's decision. In addition, because he did not sign the reports of Nurse Bachofner, he was not part of a "interdisciplinary team" as defined in *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir.1996). Thus, even if Nurse Bachofner's progress notes and physical evaluations could be consistent with a finding of disability, the ALJ properly gave less weight to her medical opinion because she is not an "acceptable medical source." *Id.; see* 20 C.F.R. § 404.1513(a) & (d)(1).

**C.  *Consideration of Vocational Records***

■ The ALJ properly considered the records that Plaintiff provided from the State of Oregon's Vocational Rehabilitation Division. These records do not conclusively demonstrate that Plaintiff is disabled, but instead contain contradictory assessments by numerous vocational counselors and social workers. Further, many of those who assessed Plaintiff's vocational abilities are not "acceptable medical sources." The ALJ considered their divergent opinions and, to the extent that some of the vocational evaluations give support to Plaintiff's claims, found them to conflict with the weight of the medical evidence.

**D.  *Appeals Council***

Plaintiff claims that the Appeals Council improperly ignored new evidence that she submitted after the ALJ's disability determination. Her argument is unpersuasive, because the Appeals Council did in fact review this new evidence but determined that it was immaterial. *See* 20 C.F.R. § 404.970(b). Because there was no "reasonable possibility" that the new evidence supplied by Plaintiff would have changed the outcome of the administrative hearing, the Appeals Council did not err in refusing to review the ALJ's decision. *Mayes v. Massanari*, 262 F.3d 963, 970 (9th Cir. 2001).

**E.  *Step Three***

■ Plaintiff argues that the ALJ's step-three finding is flawed because it does not take into consideration all the evidence, namely, her subjective complaints of pain and the opinions of her doctors and counselors. As explained above, however, the ALJ properly discounted this evidence. Thus, his finding that Plaintiff does not have a listed impairment is supported by substantial evidence.

**F.  *Step Five***

Plaintiff claims that the ALJ erred at this point in the analysis because the hypo-

thetical that he posed to the vocational expert did not include all her alleged limitations. However, the ALJ is "free to accept or reject these restrictions ... as long as they are supported by substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir.1989) (citation and internal quotation marks omitted). Because the ALJ properly discounted all the evidence that Plaintiff complains was erroneously excluded from the hypothetical, the ALJ's step-five determination is supported by substantial evidence.

AFFIRMED.